IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANTONIO M. JOHNSON,

    Plaintiff,

    v.                       CV 420-255

CHATHAM COUNTY DETENTION CENTER;
UNIT 6C STAFF; and UNIT 2D
STAFF,

    Defendants.

## O R D E R

Plaintiff filed this lawsuit while housed at the Chatham County Detention Center. (Compl., Doc. No. 1, at 3.) Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought under 42 U.S.C. § 1983. (Doc. No. 3 (granting IFP status).)

Plaintiff asserts a number of claims against the Defendants[1] but has also attempted to amend his Complaint in a piecemeal fashion. (See Doc. Nos. 4, 7-9.) Although Plaintiff may amend his Complaint once as of right under Federal Rule of Civil

---

[1] Regardless of any potential amendment, Plaintiff cannot sue the Chatham County Detention Center as it is not an entity subject to suit. See Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992); Smith v. Chatham Cnty. Sheriff's Dep't, 2012 WL 5463898, at *2 (S.D. Ga. Oct. 22, 2012) ("[T]he Chatham County Jail is not a legal entity capable of being sued."), *adopted by* 2012 WL 5463762 (S.D. Ga. Nov. 8, 2012). Therefore, the Chatham County Detention Center is dismissed as a Defendant in the case.

Proceudre 15(a), what Plaintiff has done is not permitted. See Holland v. Burnette, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Therefore, in order to proceed with this case, Plaintiff must complete and submit the enclosed complaint form in accordance with the instructions below within **fourteen days** of this Order.

The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number and Plaintiff's name but otherwise blank so that Plaintiff can list the Defendants he intends to sue, to Plaintiff's service copy of this Order. No more than six handwritten pages may be attached to the standard form. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court regarding re-drafting the complaint).

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings, (doc. nos. 1, 4, 7-9), filed by Plaintiff. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint

must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. For example, Plaintiff should not simply state, "See attached documents," or attach exhibits as a basis for suing a Defendant. Thus, Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, within **fourteen days** of the undersigned date, Plaintiff shall state

in the amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the amended complaint.

If Plaintiff fails to respond to this Order with the above-described amended complaint within **fourteen days**, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will dismiss this action without prejudice.

Finally, **IT IS HEREBY ORDERED** that the Chatham County Detention Center is **DISMISSED** as a Defendant. See, *supra*, note 1.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of April, 2022.

_____
UNITED STATES DISTRICT JUDGE