```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF GEORGIA
                      SAVANNAH DIVISION
```

ANTONIO M. JOHNSON,            *
                               *
     Plaintiff,                *
                               *
        v.                     *     CV 420-255
                               *
UNIT 6C STAFF and              *
UNIT 2D STAFF,                 *
                               *
     Defendants.               *

## O R D E R

Plaintiff, who was formerly housed at Chatham County Detention Center, filed a *pro se* and *in forma pauperis* ("IFP") cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (See Doc. No. 1, Complaint; Doc. No. 3 (granting IFP status).) By Order dated April 25, 2022, the Court directed Plaintiff to file an Amended Complaint within fourteen days or risk dismissal of the case. (See Doc. No. 11, at 4.) Plaintiff has not filed an Amended Complaint. In fact, the April 25th Order was returned because Plaintiff has failed to notify the Court of his new address. (See Clerk's Notice of Undeliverable Mail, Doc. No. 12.)

Plaintiff's noncompliance not only contravenes the April 25th Order but the district's Local Rules. See S.D. Ga. L.R. 11.1 ("Each attorney and pro se litigant has a continuing obligation to

apprise the Court of any address change."). Moreover, this Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." S.D. Ga. L.R. 41.1(b), (c); see also Fed. R. Civ. P. 41(b) (mandating involuntary dismissal of a complaint either for failure to prosecute or for failure to comply with an order of the court). Finally, a district court retains the inherent power to police its docket and to enforce its orders. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); Brown v. Tallahassee Police Dep't, 2006 WL 3307444, *1 (11th Cir. 2006).

Based upon Plaintiff's disregard of a court order and the Local Rules and with the inherent authority to do so, dismissal of the case is appropriate. Accordingly, **IT IS HEREBY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of May, 2022.

UNITED STATES DISTRICT JUDGE